Filed 6/11/21  P. v. Haynie CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089306 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE013010) |
| v. | |
| HOSEA TYRONE HAYNIE, | |
| Defendant and Appellant. | |

Pursuant to a negotiated plea agreement, defendant Hosea Tyrone Haynie was convicted of attempted carjacking and admitted that he suffered two prior serious felony convictions for purposes of the five-year enhancement contemplated by Penal Code section 667, subdivision (a).[1]  The trial court imposed the parties' stipulated prison term, including ten years for the two prior serious felony convictions.

---

[1]     Undesignated statutory references are to the Penal Code.

1

Defendant claims that (1) the matter must be remanded to permit the trial court to exercise its discretion to strike the two prior serious felony enhancements and (2) the trial court violated due process principles when it imposed various fines and fees without first holding a hearing to determine defendant's ability to pay them.

We conclude the matter must be remanded to the trial court to exercise its discretion to strike the prior serious felony enhancements. As to the fines and fees imposed, we reject defendant's due process claim.

Accordingly, we will remand the matter to the trial court to exercise its discretion to strike the prior serious felony enhancements if defendant seeks such relief. If the trial court indicates an inclination to exercise its discretion to strike one or both of the prior serious felony enhancements, the People shall be permitted to withdraw from the plea agreement. We also will modify the judgment to impose mandatory fees. In all other respects, we affirm the judgment as modified.

## BACKGROUND

The underlying facts of defendant's crime of conviction are largely irrelevant to the issues raised on appeal. Simply put, in November 2018, pursuant to a negotiated disposition with the People, defendant pleaded no contest to attempted carjacking (§§ 664/215, subd. (a)) and admitted he suffered two prior serious felony convictions for purposes of the five-year enhancement contemplated by section 667, subdivision (a). Defendant also admitted that a prior conviction qualified as a strike pursuant to section 667, subdivisions (b)-(i) and section 1170.12.

The trial court imposed a stipulated term of 13 years in state prison, consisting of: 3 years for the attempted carjacking (the lower term of 18 months, doubled because of the prior strike); and 10 years for the two prior serious felony enhancements.

The trial court told defendant that he was "not eligible for probation because of th[e] strike prior, but even if [he] were eligible, [the trial court] would not grant probation

2

because of the facts and circumstances of this case, and [defendant's] prior criminal history."

Regarding fines and fees, the trial court concluded that defendant had the ability to pay a $1,000 restitution fine, but ultimately ordered defendant to pay a $300 statutory minimum restitution fine (§ 1202.4) and a corresponding $300 parole revocation fine (§ 1202.45).

Though the trial court did not orally impose them at sentencing, the operative abstract of judgment reflects a $40 court operations assessment (§ 1465.8) and a $30 conviction assessment (Gov. Code, § 70373).

On January 1, 2019, Senate Bill No. 1393 (2017-2018 Reg. Sess.) went into effect. The law amended Penal Code sections 667, subdivision (a) (Stats. 2018, ch. 423, § 64), and 1385, subdivision (b) (Stats. 2018, ch. 1013, § 2), to allow a trial court to exercise its discretion to strike a prior serious felony enhancement for sentencing purposes.

Defendant appealed. The trial court did not grant his request for a certificate of probable cause.

DISCUSSION

I

*Prior Serious Felony Enhancements*

As a threshold matter, defendant argues he does not need a certificate of probable cause to invoke Senate Bill No. 1393 in order to challenge his 13-year prison term.

On the merits, he argues that because Senate Bill No. 1393 became effective before his case became final on appeal, we must remand to the trial court with directions that defendant be provided an opportunity to decide whether to ask the trial court to exercise its discretion to strike one or both of defendant's prior serious felony enhancements; and if defendant does ask for that, and if the trial court indicates an inclination to exercise its discretion under section 1385 to strike one or both of the prior

3

serious felony enhancements, the People should be permitted to withdraw from the plea agreement.

The People agree that Senate Bill No. 1393 applies to defendant's case, but argue defendant cannot attack his stipulated term of imprisonment without a certificate of probable cause, and that in any event, the trial court's comments at the sentencing hearing show that a remand would be futile.

*A Certificate of Probable Cause Is Unnecessary*

In general, after pleading guilty or no contest, a defendant may not appeal without first obtaining a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379 (*Cuevas*); see also *People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [§ 1237.5 is applied strictly].)

But a certificate is not necessary if the appeal is based solely upon postplea claims that do not challenge the validity of the plea. (*Cuevas*, *supra*, 44 Cal.4th at p. 379.) In determining whether the certificate requirement applies to claims challenging a sentence imposed after a guilty or no contest plea, the critical inquiry is whether the claim is, in substance, a challenge to the validity of the plea. (*People v. Buttram* (2003) 30 Cal.4th 773, 781-783, 786-787 [distinguishing challenges to the plea itself from challenges to issues reserved or left open by the agreement].)

Before the California Supreme Court's recent decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), there were divergent views amongst the Courts of Appeal over whether a defendant who has pleaded to a stipulated sentence must obtain a certificate of probable cause before seeking the benefit of Senate Bill No. 1393, an ameliorative change in the law. Our Supreme Court resolved the split by holding that a postplea claim for relief seeking retroactive application of Senate Bill No. 1393 does not constitute an attack on the validity of the plea, and therefore does not require a certificate of probable cause. (*Stamps*, at pp. 694-698.)

4

Thus, *Stamps* forecloses the People's argument that defendant needs a certificate of probable cause to challenge his stipulated sentence.

*Remand Would Not Be Futile*

The People contend the trial court's statement regarding probation (that even if it had discretion to impose probation, it would not) "clearly indicated that a more favorable sentence would not be forthcoming upon remand." But, in light of *Stamps*, this contention is unavailing.

*Stamps* teaches that when a defendant has entered into a plea agreement for a specified term that included a prior serious felony enhancement, and then, while his appeal was pending, a new law went into effect permitting the trial court to strike a serious felony enhancement in furtherance of justice (§ 1385, subd. (a)), the proper remedy is to allow defendant "the opportunity to seek the court's exercise of its section 1385 discretion. If the court on remand declines to exercise its discretion under section 1385, that ends the matter and defendant's sentence stands. [¶] However, if the court is inclined to exercise its discretion . . . such a determination would have consequences to the plea agreement. . . . If the court indicates an inclination to exercise its discretion under section 1385, the prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . .' " (*Stamps*, *supra*, 9 Cal.5th at p. 707.)

*Stamps* quoted approvingly from *People v. Ellis* (2019) 43 Cal.App.5th 925, 945-946, wherein that court "rejected the People's argument that a remand would be futile," (*Stamps*, *supra*, 9 Cal.5th at p. 707), as " 'the record d[id] not clearly demonstrate that remand would be futile [citations], and the parties' plea bargain [was] not insulated from the changes in the law effected by Senate Bill No. 1393.' " (*Ibid*.)

Here too, the record does not clearly demonstrate that remand would be futile,[2] and the parties' plea bargain was not insulated from the changes in the law effected by Senate Bill No. 1393.

Accordingly, remand is appropriate.

## II

### *Fines and Fees*

Defendant argues the trial court violated due process principles when it imposed various fines and fees without first holding a hearing to determine defendant's ability to pay them.

The People argue: (1) defendant forfeited this argument by failing to make a timely and specific objection to the fines and fees imposed; (2) on the merits, the proper analytic lens through which we should consider defendant's challenge is the excessive fines clause of the Eighth Amendment;[3] and (3) the imposition of fines and fees did not violate either the excessive fines clause or due process principles.

We need not decide whether defendant forfeited this argument, because we conclude it lacks merit.

Defendant's due process claim hinges on the analysis in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, finding an ability to pay hearing is required before imposing fines and fees. We are not persuaded this analysis is correct. Our Supreme Court is now

---

[2] The trial court's statement regarding the propriety of probation in defendant's case is insufficient grounds for the conclusion that remand would be futile. (See *Stamps*, *supra*, 9 Cal.5th at p. 709 ["a court's exercise of its new found discretion to strike the serious felony enhancement, *may lead the court to reevaluate the fairness of the bargained-for sentence*," and "may also lead the *parties* to reevaluate what constitutes a fair disposition of the case" (italics added)].)

[3] Defendant declines the People's invitation to reframe his argument as an Eighth Amendment claim. Accordingly, the court need not conduct an excessive fines analysis.

poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp,* at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and fees at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

Further, though the trial court did not orally impose them, we will modify the judgment to impose the mandatory court operations fee of $40, and conviction assessment fee of $30, as currently reflected in the abstract of judgment. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415.)

DISPOSITION

The matter is remanded to the trial court with directions to allow defendant an opportunity to seek relief under Senate Bill No. 1393. If defendant seeks that relief, and if the trial court indicates an inclination to exercise its discretion under section 1385 to strike one or both of the prior serious felony enhancements, the People shall be permitted to withdraw from the plea agreement. The judgment is modified to impose the court operations fee of $40 pursuant to Penal Code section 1465.8 and conviction assessment

fee of $30 pursuant to Government Code section 70373.  In all other respects, the judgment is affirmed as modified.


                                          /s/
                                          HOCH, J.


I concur:


 /s/
MURRAY, J.

ROBIE, J., Concurring and Dissenting.

I concur in part I of the Discussion and concur in and dissent to part II addressing defendant's argument that *Dueñas* requires all fines, fees, and assessments be stricken because they were imposed without first determining his ability to pay. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157.)

I concur in the majority's conclusion that defendant's challenge to the restitution fine is forfeited because an objection must be made in the trial court to preserve a challenge to the imposition of a restitution fine in excess of the mandatory minimum on appeal, and defendant failed to do so. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.) Here, the court imposed a $1,000 restitution fine and stayed the $1,000 parole revocation restitution fine at the hearing,[1] and expressly found defendant "ha[d] the ability to pay this through [his] prison earnings." Defendant did not object.

I dissent to the majority's imposition of the $40 court operations fee and $30 conviction assessment fee. I do not find the analysis in the cases relied upon by the majority to be well-founded or persuasive. I agree with *Dueñas* that principles of due process would preclude a trial court from imposing the foregoing fees if a defendant demonstrates he or she is unable to pay them. (*People v. Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.) In that regard, I believe a limited remand under *Dueñas* is appropriate to permit a hearing on the court operations and conviction assessment fees because defendant's conviction and sentence are not yet final. (See *People v. Castellano* (2019) 33 Cal.App.5th 485, 490-491.)

　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　Robie, Acting P. J.

---

[1] The court subsequently reduced these $1,000 fines to $300 in response to defendant's ex parte motion for the disposition of fees under Penal Code section 1205, subdivision (a).

1